United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 14-12497-jkf
Christopher Manos                                                       Chapter 13
Keri Manos
          Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin           Page 1 of 1              Date Rcvd: May 24, 2019
                              Form ID: 3180W        Total Noticed: 12


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 26, 2019.
db/jdb        +Christopher Manos,   Keri Manos,   1406 Kummerer Road,   Pottstown, PA 19464-1752
13322521      +ALTAIR OH XIII, LLC,   C O WEINSTEIN, PINSON, AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,
               SEATTLE, WA 98121-3132
13369660      +Arcadua Recovery Bureau LLC,   PO Box 6768,   Wyomissing, PA 19610-0768
13275887      +Diamond Federal Cr Un,   1600 Medical Drive,   Pottstown, PA 19464-3281
13394285      +JPMorgan Chase Bank, National Association,   Chase Records Center,   Attn: Correspondence Mail,
               Mail Code LA4-5555,   700 Kansas Lane,   Monroe, LA 71203-4774
13283271      +Law Office of Stephen Ross, P.C.,   152 E. High Street, Suite 100,   Pottstown, PA 19464-5480
13315572      +TD BANK USA, N.A.,   C O WEINSTEIN, PINSON, AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,
               SEATTLE, WA 98121-3132

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: megan.harper@phila.gov May 25 2019 02:08:35     City of Philadelphia,
               City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 25 2019 02:08:21
               Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 25 2019 02:08:28     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13291490       EDI: HNDA.COM May 25 2019 06:08:00     American Honda Finance Corporation,
               National Bankruptcy Center,   P.O. Box 168088,   Irving, TX 75016-8088,   866-716-6441
13349972       EDI: PRA.COM May 25 2019 06:08:00     Portfolio Recovery Associates, LLC,   POB 41067,
               Norfolk VA 23541
                                                                                        TOTAL: 5


          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 26, 2019                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 23, 2019 at the address(es) listed below:
          JOSEPH L QUINN    on behalf of Joint Debtor Keri  Manos CourtNotices@rqplaw.com
          JOSEPH L QUINN    on behalf of Debtor Christopher  Manos CourtNotices@rqplaw.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor   JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor   JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com,
           ecf_frpa@trustee13.com
          SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com,  ecf_frpa@trustee13.com
          THOMAS I. PULEO    on behalf of Creditor   JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD CRAIG    on behalf of Creditor   American Honda Finance Corporation
           ecfmail@mortoncraig.com,  mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                            TOTAL: 9

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Christopher Manos** | Social Security number or ITIN **xxx–xx–9623** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Keri Manos** | Social Security number or ITIN **xxx–xx–6738** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **14–12497–jkf** | | |

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Christopher Manos                                    Keri Manos

<u>5/23/19</u>                                    **By the court:**        <u>Jean K. FitzSimon</u>
                                                                        United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**